# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. C18-5229-JPD <br><br> ORDER AFFIRMING THE COMMISSIONER |

Plaintiff appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 47-year-old man with a sixth- or seventh-grade education. Administrative Record ("AR") at 49, 75. His past work experience includes employment as a carpenter and truss builder. AR at 254. Plaintiff was last gainfully employed in 1996 or 1999. AR at 254, 270-71.

On September 30, 2014, Plaintiff protectively applied for SSI payments, alleging an

ORDER - 1

onset date of August 17, 1999.[1] AR at 133, 240-45. Plaintiff asserts that he is disabled due to bipolar disorder, depression, social phobia, dyslexia, learning disabilities, attention deficit disorder, and attention deficit hyperactivity disorder ("ADHD"). AR at 270.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 159-66, 170-75. Plaintiff requested a hearing, which took place on November 21, 2016. AR at 70-109. On January 13, 2017, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 21-36. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-7, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On March 22, 2018, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 4.

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

---

[1] At the administrative hearing, Plaintiff amended his onset date to June 24, 2014. AR at 73.

ORDER - 2

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

ORDER - 3

§§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On January 13, 2017, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since September 30, 2014, the application date.

2. The claimant has the following severe impairments: methamphetamine abuse in partial remission, right leg pain status post fracture, history of asthma, bipolar disorder, possible anxiety disorder, possible depression, possible obsessive compulsive disorder versus with personality disorder with obsessive traits, personality disorder with cluster B traits, and history of ADHD and learning disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, I find that the claimant has the RFC to perform light work as defined in 20 CFR 416.967(b) except he can stand and or walk for two hours in an eight hour workday and can sit for six hours in an eight hour workday. The claimant can never crouch, kneel, or climb ladders, ropes, or scaffolds. He can perform occasional balancing, stooping, crawling, and climbing of ramps and stairs. The claimant needs to avoid concentrated exposure to fumes, odors, dust, gases and other respiratory irritant. He needs to avoid concentrated exposure to hazards. The claimant can perform simple, routine tasks with no contact with the public. He can have occasional contact with coworkers, but cannot perform teamwork. The claimant cannot be required to read as a part of his job and can only perform simple math.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1971, and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[3]

7. The claimant has a marginal education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

---

[3] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

ORDER - 5

9. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

10. The claimant has not been under a disability, as defined in the Act, since September 30, 2014, the date the application was filed.

AR at 23-36.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting Plaintiff's subjective statements;

2. Whether the ALJ erred in discounting certain medical opinions; and

3. Whether the ALJ erred in discounting a lay statement.

Dkt. 12 at 1.[4]

## VII. DISCUSSION

A. <u>The ALJ did not err in discounting Plaintiff's subjective statements.</u>

The ALJ discounted Plaintiff's subjective statements for a number of reasons, specifically: (1) the evidence did not show that Plaintiff's mental symptoms had worsened since the prior ALJ decision in which Plaintiff was found not disabled; (2) the medical evidence is inconsistent with Plaintiff's allegations; (3) Plaintiff testified and reported repeatedly to providers that he had not used methamphetamine since 2013, but a November 2014 emergency room treatment note indicates he used methamphetamine that morning; (4) Plaintiff's medications were "generally successful" in controlling his symptoms; (5) Plaintiff only sporadically sought mental health treatment and did not consistently take his medications; and (6) Plaintiff's activities were not as limited as "one would expect, given the complaints of disabling symptoms and limitations." AR at 28-32. Plaintiff challenges the ALJ's assessment

---

[4] Plaintiff also assigns error to the ALJ's RFC assessment and step-five findings, but in doing so reiterates arguments made elsewhere. Dkt. 12 at 1, 17. Accordingly, these issues need not be addressed separately.

ORDER - 6

of his subjective testimony, arguing that the reasons provided were not legally sufficient and did not address his allegations regarding sleep deficits and resulting need for rest breaks. Dkt. 12 at 15-16.

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[5] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically

---

[5] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER - 7

identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

2. *Plaintiff has failed to show error in the ALJ's assessment*

Plaintiff challenges some, but not all, of the ALJ's reasons for discounting his testimony. Dkt. 12 at 16-17. Plaintiff does not dispute that he made inconsistent statements about the extent of his limitations, that he provided inaccurate statements regarding the extent of his methamphetamine use, or that medication improved some of his symptoms. *Id*. These reasons are clear and convincing reasons to discount Plaintiff's subjective statements, and even if the reasons challenged by Plaintiff are erroneous, the error is harmless in light of the other valid reasons provided. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

3. *Symptoms related to sleep*

Plaintiff argues that none of the reasons provided by the ALJ for discounting his statements apply to his allegations related to sleep. Plaintiff testified that his sleep schedule is irregular, and that sometimes he takes naps or nods off for a minute or two while watching television. AR at 83-85. He also testified, however, that he usually goes to sleep around 9 or 10 p.m. and is up by 5 a.m. AR at 84. When it was pointed out to him that this timeline indicated he slept for seven or eight hours, he responded that it "depends on when, if I change medications or what." *Id*. Plaintiff's testimony as a whole does not prioritize sleep problems

as his primary work impediment, as his briefing does. *See* Dkt. 12 at 15 ("The crucial subjective claim here was sleep disruption, getting up throughout the night, sometimes not sleeping for days, resulting in daytime tiredness, need to lie down, or periodically drifting off for a minute or two watching TV."). Instead, when asked why he could not work, Plaintiff answered that he cannot get along with people. AR at 78-79.

Furthermore, Plaintiff did not report a need for daytime naps or rest breaks to his providers. He did report problems sleeping (AR at 411, 416-418-19, 425, 453, 459), but the record also indicates that Plaintiff's sleep improved with medication, but that he did not always take his medication. AR at 429-34, 437-44, 448-49, 451, 455-56, 458. The ALJ cited some of those records demonstrating improvement with medication (AR at 32) as a reason to discount Plaintiff's subjective allegations, and thus the Court is not persuaded that the ALJ erroneously failed to account for sleep-related symptoms.

B. <u>The ALJ did not err in assessing medical opinion evidence.</u>

Plaintiff challenges the ALJ's assessment of various medical opinions, each of which the Court will address in turn.

1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other

ORDER - 9

evidence, and specific and legitimate reasons if it is. *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. SSR 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.\

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of

ORDER - 10

lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d at 1288-89.

    2.    *Bonnie Kirlin Edwards, MSW*

Ms. Edwards, Plaintiff's treating counselor, completed two statements regarding Plaintiff's limitations and symptoms. AR at 462-63, 491-94. The ALJ summarized Ms. Edwards' opinions and found that Plaintiff had not fully disclosed his methamphetamine use to Ms. Edwards, and that she relied heavily on his non-credible self-reporting when formulating her opinions. AR at 33-34.

Plaintiff argues that these reasons are not germane because there was no drug use to disclose (or else Ms. Edwards would have noticed it), and that her opinions are based on Plaintiff's reporting as well as her own clinical observations. Dkt. 12 at 6-7. Plaintiff's first argument fails to account for Ms. Edwards' own treatment notes that document Plaintiff's alcohol/marijuana use in June 2016 and her recommendation that he receive chemical dependency treatment. *See* AR at 443, 444. Her opinions were written a month or two after this use, but did not mention it, nor did her opinions — one of which purported to describe Plaintiff's limitations since 2008 (AR at 493) — mention Plaintiff's well-documented methamphetamine use at all. The ALJ did not err in discounting Ms. Edwards' opinions because they failed to address the impact of Plaintiff's prior or ongoing substance use, because this reasoning is germane to the reliability of Ms. Edwards' opinions.

    3.    *Geordie Knapp, Psy.D.*

Dr. Knapp performed a DSHS psychological evaluation and completed a form opinion in June 2014. AR at 324-28. At the time of this evaluation, Plaintiff reported he had not used methamphetamine in seven months. *Id.* Dr. Knapp opined that Plaintiff had several marked and severe workplace limitations. AR at 326.

The ALJ found Dr. Knapp's opinion to be inconsistent with Plaintiff's treatment record,

specifically the stable mood and mental status that he displayed to treating providers. AR at 33 (citing AR at 417, 429, 431, 436). Plaintiff does not dispute that some of his mental health treatment providers documented normal findings, but he contends that those treatment providers were aware of the abnormal findings documented by Plaintiff's therapist. Dkt. 12 at 11. That may be true, but the acceptable medical sources themselves undisputedly documented some normal findings, which the ALJ reasonably compared to Dr. Knapp's findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record). The ALJ did not err in relying on inconsistencies between Dr. Knapp's opinion and the remainder of the record, when discounting Dr. Knapp's opinion.

Plaintiff also challenges the ALJ's rejection of the Global Assessment of Functioning ("GAF") score rendered by Dr. Knapp. The ALJ found Dr. Knapp's GAF score, along with the other GAF scores of record, to lack probative value in her assessment of Plaintiff's RFC. AR at 34. Plaintiff notes that Dr. Knapp explained the basis for his GAF score (Dkt. 12 at 12 (citing AR at 326)), which is true, but his explanation does not reference specific functional limitations, which, as noted by the ALJ, is the ALJ's focus in crafting an RFC. *See* 20 C.F.R. §§ 404.1545, 416.945. The ALJ's reasoning with respect to Dr. Knapp's GAF score is specific and legitimate.

    4.  *Peter Weiss, Ph.D.*

Dr. Weiss performed a DSHS psychological evaluation and completed a form opinion in May 2016. AR at 376-80. At the time of this evaluation, Plaintiff reported he had not used methamphetamine or cocaine since 2011. *Id*. Dr. Weiss opined that Plaintiff had several severe workplace limitations. AR at 378.

The ALJ found Dr. Weiss's opinion to be inconsistent with Plaintiff's treatment record,

specifically the stable mood and mental status that he displayed to treating providers, as well as his reports to them and his hearing testimony that hallucinations did not bother him. AR at 33 (citing AR at 102-04, 417, 425, 427, 429, 431, 435-36). Plaintiff does not dispute that some of his mental health treatment providers documented normal findings, but he contends that those treatment providers were aware of the abnormal findings documented by Plaintiff's therapist. Dkt. 12 at 13. He also claims that the hallucinations he reported to Dr. Weiss were not "the relevant finding," but he cites no evidence that Dr. Weiss did not rely on his reported hallucinations. *Id*. The ALJ did not err in comparing Dr. Weiss's findings with other findings in the treatment record, or in discounting Dr. Weiss's opinion based on inconsistencies. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Furthermore, the ALJ found that the record contradicted Plaintiff's self-reports to Dr. Weiss regarding drug use, and Plaintiff does not dispute this. AR at 33; Dkt. 12 at 14. This is an additional specific, legitimate reason to discount Dr. Weiss's opinion. *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th Cir. Dec. 16, 2008).

C. <u>The ALJ did not err in discounting Plaintiff's girlfriend's statement.</u>

Plaintiff's girlfriend, Tracie Hofstadter, wrote a statement in November 2016 describing her 15-year relationship with Plaintiff and her observations of his symptoms and limitations. AR at 307-08. The ALJ summarized Ms. Hofstadter's statement and found it to be contradicted by the medical record, namely the less severe findings and Plaintiff's self-reports described in treatment records by acceptable medical sources. AR at 34. The ALJ found that Ms. Hofstadter relied on Plaintiff's subjective self-reporting, which was not credible. *Id*.

As noted *supra*, an ALJ must provide germane reasons to discount lay evidence.

ORDER - 13

| 1 | Plaintiff contends that the ALJ's reasons to discount Ms. Hofstadter's statement are not
| 2 | germane because the treatment record corroborated rather than contradicted Ms. Hofstadter's
| 3 | statement. Dkt. 12 at 14. Plaintiff cites one treatment note that he contends supports this
| 4 | proposition (Dkt. 12 at 14 (citing AR at 416)), but the entirety of that treatment note does not
| 5 | contain a mania diagnosis, as Plaintiff suggested it did, and instead references Plaintiff's stable
| 6 | mental status with "relaxed" presentation, despite Plaintiff's lack of medication. AR at 416-17.
| 7 | Plaintiff has not shown that the ALJ erred in finding that Ms. Hofstadter's statement described
| 8 | symptoms that were contradicted by the treatment record, or in discounting her statement on
| 9 | that basis.

## VIII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

DATED this 26th day of February, 2019.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge